# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 8939 | **DATE** | 7/11/2000 |
| **CASE TITLE** | GARY McKNIGHT vs. KENNETH A. DEAN, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff McKNIGHT's motion for reconsideration of the Court's May 25, 2000 Memorandum Opinion and Order is denied. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 12 2000 | |
| | Notified counsel by telephone. | | date docketed | 66 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY McKNIGHT )
)
     Plaintiff, )
)
v. ) No. 97 C 8939
) Paul E. Plunkett, Senior Judge
KENNETH A. DEAN, )
DAVID A. AXELROD, )
DAVID A. AXELROD & ASSOCIATES, )
MARK WETTERQUIST, and )
SHOENBERG, FISHER, NEWMAN & )
ROSENBERG, LTD. )
)
     Defendants. )

DOCKETED
JUL 1 2 2000

## MEMORANDUM OPINION AND ORDER

On May 25, 2000, this Court issued a Memorandum Opinion and Order ("Order") granting defendants Kenneth A. Dean, David A. Axelrod, David A. Axelrod & Associates, and Shoenberg, Fisher, Newman & Rosenberg's motion for summary judgment on plaintiff Gary McKnight's one-count complaint against them. On June 8, 2000, McKnight filed a timely Federal Rule of Civil Procedure ("Rule") 59(e) motion to reconsider[1] that Order. For the reasons set forth below, McKnight's motion is denied.

---

[1] The Court construes the document filed by McKnight, which is titled "Motion to Reconsider" as a Rule 59(e) motion to reconsider. Plaintiff failed to identify anywhere in his motion that he was proceeding under Rule 59(e). However, because plaintiff served his motion within ten days of the entry of this Court's Order on May 30, 2000, it falls under the ambit of Rule 59(e). See United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir. 1992).

-1-

## Discussion

This Court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Thus, motions to reconsider are rarely appropriate. They should only be presented when the law or facts change significantly after the issue is presented to the Court, the Court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented" to it, or has "made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting Above The Belt v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Such motions do not allow "a party to undo its own procedural failures . . . [or] to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (citation omitted). Instead, a Rule 59(e) motion must clearly establish either a "manifest error or law or fact or must present newly discovered evidence." FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Publishers Resource v. Walker-Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985). With these principles in mind, the Court turns to plaintiff's motion.

Reconsideration is appropriate, plaintiff contends, because the Court "drew inferences from the facts that unfairly favored the defendants," instead of viewing the facts in a light most favorable to plaintiff. (Mot. Recons. at 1.) For the most part, McKnight simply reiterates the same unpersuasive arguments that he presented to the Court in opposition to the defendants' summary judgment motion. While we find his points without merit, we shall briefly address each one to demonstrate that the facts were viewed in the light most favorable to McKnight, but he still failed to raise a material issue of fact to stave off summary judgment.

First, McKnight argues that we failed to construe the facts surrounding the settlement in a light favorable to him. Specifically, he asserts that we did not recognize he was duped by defendants into settling his legal malpractice claim against the Wisconsin Attorneys because he was told that $750,000.00 was the most he could get from them, but was not told that he could proceed against the Wisconsin Attorneys as individuals for their personal assets. (Pl.'s Mem. Supp. Mot. Recons. at 2-3.)

Apparently, McKnight is under the impression that our decision on the settlement claim rested entirely on McKnight's inability to prove he suffered damages from defendants' conduct. As defined in our Order, a plaintiff alleging legal malpractice in Illinois must show: (1) the existence of an attorney-client relationship; (2) a duty arising from that relationship; (3) a negligent act or omission that breached that duty; (4) proximate cause such that "but for" the attorney's negligence the plaintiff would have prevailed in the underlying action; and (5) actual damages. See Beatty v. Wood, 204 F.3d 713, 715 (7th Cir. 2000) (citing Lucey v. Law Offices of Pretzel & Stouffer, Chtd., 301 Ill. App. 3d 349, 703 N.E.2d 473 (1st Dist. 1998)); Metrick v. Chatz, 266 Ill. App. 3d 649, 652, 639 N.E.2d 198, 200 (1st Dist. 1994); (Order at 15.) We clearly stated that McKnight failed to present facts to support negligence and proximate cause (prongs three and four), and, even if he did, he still failed to demonstrate damages. (Order at 16.) However, McKnight only argues in his motion for reconsideration that facts construed in his favor demonstrate that he was damaged (prong five) by defendants' conduct at the settlement conference. These arguments do nothing to demonstrate that the other elements of the legal malpractice test are satisfied.

Even with that aside, McKnight presents us with no facts that were unfairly construed against him. He knew the Wisconsin Attorneys had a policy limit of $1,000,000.00, and he voluntarily,

albeit begrudgingly, accepted a settlement about $235,000.00 short of that limit. We accept as true his version that he did not know he could proceed against the Wisconsin Attorneys personally and that he was told by the defendants that the settlement amount on the table was the "most" he could get. However, we still fail to see how that shows he was damaged by the conduct when he still received more from the settlement than the initial verdict rendered in his favor in the employment discrimination suit against General Motors.

Next, McKnight asks this Court to "re-examine" the reinstatement issue[2] as determined by the trial court. (Pl.'s Mem. Supp. Mot. Recons. at 3.) However, he points to no facts improperly construed by this Court. Instead, he rehashes his previously asserted arguments. As a result, this is an inappropriate issue for our reconsideration.

McKnight also complains that we misconstrued facts surrounding McKnight's front pay claim. (Pl.'s Mem. Supp. Mot. Recons. at 5-6.) He specifically seizes on one sentence from our analysis of the issue to demonstrate our alleged misunderstanding of the facts: "McKnight does not argue or show that his career as a stockbroker was not comparable in every sense to his job at GM." (Order at 25.) McKnight argues that he presented facts to this Court that his career as a stockbroker was not virtually identical to his job at GM because he did not earn as much over time as he did at

---

[2] The Court's discussion of the reinstatement issue is contained on pages 20 through 24 of our Order. However, page 23 (including part of the reinstatement analysis) was missing from copies of the Order mailed to the parties. Plaintiff notes in his motion for reconsideration that he attempted to obtain this missing page from the clerk of court and this Court's chambers, but that he was unable to retrieve it immediately from either place. While the Court regrets the error that occurred with plaintiff's mailed copy, we point out that plaintiff's counsel waited until the afternoon of filing the motion to seek out the missing page, and this Court's staff located the entire original opinion in the clerk's office and contacted plaintiff's counsel within an hour of their request. However, within that hour plaintiff already had filed his motion without the benefit of this page or the Court's discussion contained therein.

GM and his benefits were not equal to those provided by GM. (Pl.'s Mem. Supp. Mot. Recons. at 5-6.) Contrary to plaintiff's assertion, the Court's opinion clearly addressed and considered the facts presented to us regarding McKnight's compensation history between his termination from GM and the trial:

> At the trial, McKnight testified that since his termination from GM in 1983 where he had earned approximately $35,000.00 per year as a manufacturing supervisor, he had worked as a stockbroker. (Axelrod Defs.' L.R. 56.1(a)(3) Stmt. ¶¶ 44-46, 50-52; id., Ex. 3, McKnight v. General Motors Corp., Trial Tr. IV(B), at 39, 41.) In 1984, McKnight earned $12,600.00 for nine months work as an account executive at Merrill Lynch. (Id. ¶ 45.) In 1985, he was paid $18,600.00. (Id. ¶ 46.) In 1986, he earned $33,000.00 and was terminated by Merrill Lynch in December 1986. (Id.) After leaving Merrill Lynch, McKnight went to work for Oppenheimer and Company as a financial consultant in February 1987. (Id. ¶ 50.) He earned approximately $54,000.00 plus benefits that year. (Id.) In April 1988, McKnight left Oppenheimer Company to work for Gruntal & Company as a retail broker. (Id. ¶ 51.) He earned almost $13,000.00 between April and August 1988 at Gruntal & Company. (Id.; id., Ex. 3, McKnight, Trial Tr. IV(B), at 48-49.) The employment discrimination trial took place in October 1988. In his brief to this Court, McKnight states that at the time of trial he "had had his fill of the ups and downs of the stock market, was tired of working on a commission basis, and wanted his job at GM back." (Pl.'s Resp. at 4.)

(Order at 20-21.) Clearly, we recognized that McKnight did not earn his GM salary every year. But some years he did, and one of those years he earned almost $20,000.00 more. While we recognized that there were some differences between his GM job and his stockbroker career, the facts, even in the light most favorable to McKnight, did not demonstrate that McKnight was entitled to an award of front pay. As we stated in our opinion, a front pay award is not designed to guarantee the plaintiff's financial success. While McKnight was sick of the ups and downs of commission pay in his new career, the facts show that he was still in a comparable position in terms of earnings, promotional opportunities, and benefits. McKnight wants to turn front pay damages into something

it is not: an award designed to force GM to insure his future employment success for years to come. See McKnight v. General Motors Corp., 973 F.2d 1366, 1372 (7th Cir. 1992).

Finally, McKnight requests reconsideration of our decision on prejudgment interest on McKnight's $55,000.00 back pay award. However, McKnight has not shown how we made a mistake of fact or construed facts in a light favorable to defendants. Instead, he cites to facts that were before us regarding post-judgment interest on the original $555,000.00 jury award. These facts are irrelevant to our decision on prejudgment interest of a small portion of the original jury verdict. Thus, there is nothing for us to reconsider on this issue.

The arguments presented in McKnight's motion are more appropriate for appeal, not for reconsideration. Plaintiff raises no new facts or law that cast doubt on our conclusion that defendants did not commit legal malpractice in their representation of McKnight. If he wants another opinion on this issue, he must take it up with our court of appeals.

### Conclusion

Plaintiff McKnight's motion for reconsideration of the Court's May 25, 2000 Memorandum Opinion and Order is denied. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 7-11-00